05-2467-ag
Carcamo v. U.S. Dep't of Justice

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2006

(Submitted: May 22, 2007                                    Decided: August 2, 2007)

Docket No. 05-2467-ag

OSMAN DARIO CARCAMO,

*Petitioner*,

v.

U.S. DEPARTMENT OF JUSTICE,

*Respondent.*

Before: WALKER and CABRANES, *Circuit Judges*, and PAULEY,[*] *District Judge.*

Petitioner seeks review of an order of the Board of Immigration Appeals, affirming without opinion a decision of an Immigration Judge ("IJ") denying his application for voluntary departure under Section 240B of the Immigration and Nationality Act, 8 U.S.C. § 1229c. The IJ determined that although petitioner was statutorily eligible for voluntary departure, he should not receive it as a matter of discretion because the record indicated he had committed a serious criminal offense. On appeal, petitioner acknowledges that the relief of voluntary departure is discretionary, but contends that the IJ's decision violated his due process rights by misconstruing the record of his crime. The Government seeks dismissal of the petition, asserting that this Court lacks jurisdiction to review the IJ's discretionary and factual determinations leading to the denial of petitioner's application for voluntary departure.

_____

[*] The Honorable William H. Pauley III, of the United States District Court for the Southern District of New York, sitting by designation.

1

We dismiss the petition, concluding that we lack jurisdiction to review the IJ's discretionary and factual determinations underlying the denial of petitioner's application for voluntary departure, and that petitioner fails to raise any colorable constitutional claims or questions of law.

> Jorge Guttlein, Jorge Guttlein & Associates, New York, NY, *for Petitioner.*
>
> Sarah E. Light, Assistant United States Attorney (Michael J. Garcia, United States Attorney, Sarah S. Normand, Assistant United States Attorney, *on the brief*), United States Attorney's Office for the Southern District of New York, New York, NY, *for Respondent.*

JOSÉ A. CABRANES, *Circuit Judge*:

Petitioner Osman Dario Carcamo, a native and citizen of Honduras, seeks review of an order of the Board of Immigration Appeals ("BIA"), affirming without opinion a decision of Immigration Judge ("IJ") Alan J. Vomacka that denied his application for voluntary departure under Section 240B of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229c.[1] *See In re Carcamo*, No. A

---

[1] Voluntary departure has been described as follows:

> Voluntary departure is an alternative to removal (as deportation is now called) that the immigration service may grant in its discretion. An alien who has been granted this privilege is entitled to leave the country at her own expense within a certain period of time (usually up to 60 days). For the government, voluntary departure expedites and reduces the cost of removal. For aliens, voluntary departure is desirable because it allows them to choose their own destination points, to put their affairs in order without fear of being taken into custody at any time, to avoid the stigma and various penalties associated with forced removals (including extended detention while the government procures the necessary travel documents and ineligibility for readmission for a period of five or ten years), and it facilitates the possibility of return to the United States, for example, by adjustment of status.

*Lopez-Chavez v. Ashcroft*, 383 F.3d 650, 651 (7th Cir. 2004) (citations omitted); *see also Iouri v. Ashcroft*, 487 F.3d 76, 82-83 (2d Cir. 2007) (describing benefits of voluntary departure).

8 U.S.C. § 1229c(b)(1) sets forth the general conditions that must be met for an alien to qualify for voluntary departure. It states as follows:

> The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense if . . . the immigration judge . . . finds that—
>
> (A) the alien has been physically present in the United States for a period of at least one year immediately preceding the date the notice to appear was served . . .;

77 937 528 (B.I.A. Apr. 20, 2005), *aff'g In re Carcamo*, No. A 77 937 528 (Immig. Ct. N.Y.C. Oct. 16, 2003) ("IJ Dec."). The IJ found that Carcamo was eligible for voluntary departure under the applicable provisions of the voluntary departure statute, but determined, as a matter of discretion, that he should not be granted voluntary departure because the facts underlying a misdemeanor assault conviction indicated that he had engaged in serious criminal conduct. On appeal, Carcamo acknowledges that the relief of voluntary departure is discretionary, but contends that the IJ's decision violated his due process rights by misconstruing the record of his crime. The Government seeks dismissal of the petition, asserting that this Court lacks jurisdiction to review the IJ's discretionary and factual determinations leading to the denial of Carcamo's application for voluntary departure.

We dismiss the petition, concluding that we lack jurisdiction to review the IJ's discretionary and factual determinations underlying the denial of Carcamo's application for voluntary departure, and that Carcamo fails to raise any colorable constitutional claims or questions of law.

## BACKGROUND

The former Immigration and Naturalization Service ("INS") initiated removal proceedings against Carcamo by Notice to Appear dated December 20, 2000, charging him with being an alien present in the United States who had not been admitted or paroled. At an October 2003 hearing, Carcamo admitted that he was removable and, as is relevant to the issues on appeal, requested voluntary departure. During the hearing, Carcamo testified that he had the financial ability and intent

---

> (B) the alien is, and has been, a person of good moral character for at least 5 years immediately preceding the alien's application for voluntary departure;
>
> (C) the alien is not deportable [for having committed for having committed an aggravated felony or on security and related grounds]; and
>
> (D) the alien has established by clear and convincing evidence that the alien has the means to depart the United States and intends to do so.

3

to depart from the United States voluntarily. Carcamo also testified that he was married, and that he had two U.S.-citizen children with two different mothers. He stated that he had provided support for one of the children, but that more recently he had stopped payments because the child's mother "doesn't want [him] to see the child or that [he] help" the child. Oct. 16, 2003 Hr'g Tr. ("Hr'g Tr.") 63, Administrative Record ("A.R.") 107. Carcamo further admitted that he had been arrested for, and subsequently pleaded guilty to, committing an assault.[2] Carcamo stated that his conviction was the result of a mere fistfight that started because the victim's "brother was going around with [Carcamo's] ex-woman" and the victim started to "taunt" him. *Id.* at 76-77, A.R. 120-21. Carcamo claimed that no weapons had been used in the assault.

On cross-examination, Carcamo was confronted with allegations contained in the criminal complaint that had been filed against him by the victim of the assault. In the criminal complaint, which was admitted into evidence without objection by Carcamo's counsel, the victim asserted that Carcamo had approached him wielding a baseball bat, and that Carcamo "struck [him] about the head and body with said baseball bat, causing him to sustain contusion(s) and swelling to his . . . upper lip and head, and also causing several of [his] teeth to be knocked out, thereby causing substantial pain." A.R. 144. Carcamo denied these allegations, asserting that they were fabricated by

---

[2] Carcamo initially was charged with a number of crimes, but he pleaded guilty to a single offense—assault in the third degree, in violation of New York Penal Law § 120.00, which states as follows:

A person is guilty of assault in the third degree when:

1. With intent to cause physical injury to another person, he causes such injury to such person or to a third person; or

2. He recklessly causes physical injury to another person; or

3. With criminal negligence, he causes physical injury to another person by means of a deadly weapon or a dangerous instrument.

Assault in the third degree is a class A misdemeanor.

N.Y. Penal Law § 120.00 (McKinney 2004).

4

the victim because the victim and Carcamo's ex-girlfriend "wanted to get rid of [him]." Hr'g Tr. 67, A.R. 111. Carcamo stated, moreover, that he had never committed an assault, and that he had pleaded guilty "because the legal aid lawyer there told me to do so." *Id.* at 68, A.R. 112.

Following the hearing, the IJ rendered an oral decision denying Carcamo's request for voluntary departure. The IJ noted that Carcamo was statutorily eligible for the requested relief, despite his criminal conviction, but concluded that, as a matter of discretion accorded to the agency, he did not deserve voluntary departure. The IJ listed several discretionary factors in Carcamo's favor, but ultimately concluded that he did not warrant a favorable exercise of discretion because of the seriousness of the conduct underlying the assault conviction. The IJ found unconvincing Carcamo's effort to explain his conduct associated with his assault conviction, particularly his attempt—in the view of the IJ—to "dismiss the seriousness of the criminal offense in a way that is inconsistent with [his] plea of guilty." IJ Dec. 9, A.R. 31. By order dated April 20, 2005, the BIA affirmed the IJ's decision without opinion.

Carcamo timely petitioned for review of the BIA's order. In his brief to the Court, Carcamo argues that "[a]lthough the relief of voluntary departure is discretionary, the Court is still bound by certain rules of evidence as a matter of due process." Pet'r Br. 6. He asserts that the IJ engaged in "pure speculation" in determining that Carcamo had committed a serious assault based solely on the allegations set forth in the criminal complaint against him, *id.* at 7, and that by crediting the criminal complaint rather than Carcamo's own testimony, the IJ rendered an impermissible adverse credibility determination "based on speculation or conjecture rather than on evidence in the record," *id.* (quoting *Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003)) (internal quotation marks omitted).

The Government moved to dismiss the petition for review, arguing that this Court lacks jurisdiction to review the discretionary decision of the IJ and that Carcamo's alleged constitutional

claim is merely an unreviewable challenge to that decision. Carcamo's memorandum in opposition to the motion to dismiss asserts that the IJ's finding was the product of "pure speculation and conjecture based on an uncorroborated account of events surrounding the criminal conviction," Mem. in Opp. to Mot. to Dismiss ("Opp. Mem.") at 7, and again asserts that due process is implicated by the IJ's decision.

## DISCUSSION

### A.        We Lack Jurisdiction to Review Denial of Voluntary Departure

We dismiss Carcamo's petition, concluding that we lack jurisdiction to review the IJ's discretionary denial of voluntary departure, and that Carcamo raises no colorable constitutional claims or questions of law.

We are barred by statute from reviewing the denial of a request for voluntary departure. *See* 8 U.S.C. § 1229c(f) ("No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure . . . ."); 8 U.S.C. § 1252(a)(2)(B)(i) (depriving courts of jurisdiction to review "any judgment regarding the granting of relief under section . . . 1229c"); *accord Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003) (noting lack of jurisdiction to review denial of request for voluntary departure).

While under Section 106(a)(1)(A)(iii) of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231, 310-11 (codified at 8 U.S.C. § 1252(a)(2)(D)), the limitations on judicial review set forth above are not to be "construed as precluding review of constitutional claims or questions of law raised upon a petition for review," 8 U.S.C. § 1252(a)(2)(D), "we remain deprived of jurisdiction to review decisions under the INA when the petition for review essentially disputes the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion and raises neither a constitutional claim nor a question of law." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006)

6

("*Xiao Ji Chen II*"), *modifying Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144 (2d Cir. 2006). In *De La Vega v. Gonzales*, 436 F.3d 141 (2d Cir. 2006), we held that the REAL ID Act's limited restoration of jurisdiction did not grant us power to review the discretionary and factual determinations underlying the denial of an application for cancellation of removal. *See id.* at 146. We have recently reaffirmed the continuing vitality of *De La Vega* in *Barco-Sandoval v. Gonzales*, No. 06-0360-ag (2d Cir. Aug. 1, 2007), and we now hold that the REAL ID Act similarly does not grant us power to review the discretionary and factual determinations underlying the denial of an application for voluntary departure.[3]

### B.     Carcamo Raises No Colorable Constitutional Claims or Questions of Law

Carcamo's petition invokes due process in arguing that the IJ impermissibly based his denial of Carcamo's voluntary departure application on an uncorroborated and speculative view of the facts underlying his assault conviction. In assessing whether we have jurisdiction to review this argument, we must "determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices [made by the agency], in which case [we] would lack jurisdiction." *Xiao Ji Chen II*, 471 F.3d at 329.

We conclude that Carcamo's "talismanic invocation of the language of due process" is insufficient to confer jurisdiction on this Court, as Carcamo must "allege at least a colorable constitutional violation." *Saloum v. U.S. Citizenship & Immig. Servs.*, 437 F.3d 238, 243 (2d Cir. 2006) (internal quotation marks omitted); *see also Xiao Ji Chen II*, 471 F.3d at 331 ("[M]ere resort to the

---

[3] The Ninth Circuit has held that 8 U.S.C. § 1229c(f) strips courts of appeals of jurisdiction to review even *non*-discretionary determinations underlying a denial of voluntary departure. *See Alvarez-Santos*, 332 F.3d at 1255 (stating that 8 U.S.C. § 1229c(f) "indicates that 'Congress really wanted to eliminate judicial review over all determinations made by the BIA, discretionary and nondiscretionary'" (quoting *Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1143 (9th Cir. 2002))). We need not decide here whether 8 U.S.C. § 1229c(f) bars us from considering even non-discretionary determinations underlying the denial of voluntary departure, because the IJ denied Carcamo's application for voluntary departure solely on discretionary grounds.

terms conventionally used in describing constitutional claims and questions of law will not overcome Congress's decision to deny jurisdiction over claims which in reality consist of nothing more than quarrels over the correctness of fact-finding and of discretionary decisions.").

Carcamo has alleged no colorable due process violation here. A petitioner may in some limited instances invoke our jurisdiction by pointing to "fact-finding which is flawed by an error of law, such as might arise where the IJ states that his decision was based on petitioner's failure to testify to some pertinent fact when the record of the hearing reveals *unambiguously* that the petitioner *did* testify to that fact." *Xiao Ji Chen II*, 471 F.3d at 329 (first emphasis added). But absent clear proof that the factual basis for an IJ's decision was unambiguously contradicted by the record, a petitioner raises no "constitutional claim[ ] or question[ ] of law" for us to review. 8 U.S.C. § 1252(a)(2)(D). In this case, the IJ's findings were based upon a criminal complaint that was admitted into evidence without objection. *See Zerrei v. Gonzales*, 471 F.3d 342, 346 (2d Cir. 2006) (holding that IJ's reliance on document admitted into evidence without objection did not violate due process, and noting that "[t]he standard for due process is satisfied if the evidence 'is probative and its use is fundamentally fair'" (quoting *Lin v. U.S. Dep't of Justice*, 459 F.3d 255, 268 (2d Cir.2006))). Due process does not require that the IJ credit Carcamo's testimony over the evidence contained in the criminal complaint. In any event, police reports and complaints, even if containing hearsay and not a part of the formal record of conviction, are appropriately admitted for the purposes of considering an application for discretionary relief. *See, e.g.*, *In re Grijalva*, 19 I. & N. Dec. 713, 722 (BIA 1998).

## CONCLUSION

For the reasons stated above, Carcamo's petition is dismissed.