Mario A. ARENAS–GARCIA,
Petitioner,

v.

Michael B. MUKASEY,[1] U.S. Attorney
General, Respondent.

No. 07–0707–ag.

United States Court of Appeals,
Second Circuit.

Nov. 20, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

Mario DeMarco, Port Chester, NY, for Petitioner.

Michael B. Mukasey, Attorney General; Lisa M. Arnold, Senior Litigation Counsel; Heather S. Navarro, Of Counsel; Joshua E. Braunstein, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Mario A. Arenas–Garcia, a native and citizen of Colombia, seeks review of a January 29, 2007 order of the BIA affirming the June 16, 2005 decision of Immigration Judge ("IJ") Michael W. Straus, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mario A. Arenas–Garcia,* No. A74 758 697 (B.I.A. Jan. 29, 2007), *aff'g* No. A74 758 697 (Immig. Ct. Hartford June 16, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we are without jurisdiction to review the agency's denial of Arenas–Garcia's request for voluntary departure. *See Carcamo v. U.S. Dep't of Justice,* 498 F.3d 94, 97 (2d Cir.2007) (citing 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i)). Although this Court retains jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and questions of law, Arenas–Garcia challenges only the agency's factual determination that he entered into a marriage for immigration purposes. Accordingly, we lack jurisdiction to review the agency's denial of his request for vol-

untary departure, and dismiss the petition for review to that extent.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Here, we find that substantial evidence supports the agency's determination that Arenas–Garcia failed to establish eligibility for asylum based on either past persecution or a well-founded fear of future persecution. The BIA has defined persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta,* 19 I. & N. Dec. 211, 216 (BIA 1985). In order to constitute persecution, the alleged harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006). We have held that "an asylum applicant cannot claim past persecution based solely on harm that was inflicted on a family member on account of that family member's political opinion or other protected characteristic." *Tao Jiang v. Gonzales,* 500 F.3d 137, 141 (2d Cir.2007) (citing *Melgar de Torres v. Reno,* 191 F.3d 307, 313 n. 2 (2d Cir.1999)); *see also Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 308 (2d Cir.2007) (concluding

"that the statutory scheme unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered").

Arenas–Garcia argues that he established past persecution based on evidence that members of the Revolutionary Armed Forces of Colombia ("FARC") threatened his family, killed one of his brothers, and shot and paralyzed his half-brother. Such threats against Arenas–Garcia's family alone, however, are insufficient to constitute past persecution of the petitioner. *See Ivanishvili,* 433 F.3d at 341. Indeed, Arenas–Garcia acknowledged that he was never personally harmed by FARC, nor did he assert that FARC harmed his brothers in an attempt to persecute him. Moreover, he did not claim that he witnessed the attacks on his brothers or that he personally suffered any specific harm as a result of their injuries. Accordingly, the agency properly determined that Arenas–Garcia failed to establish that he personally suffered past persecution based on the harm inflicted upon his brothers. *See Tao Jiang,* 500 F.3d at 141.

As the agency reasonably concluded that Arenas–Garcia did not suffer past persecution, he was not entitled to the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). Arenas–Garcia argues that he demonstrated a well-founded fear of persecution as evidenced by FARC's attacks on his brothers. The agency, however, reasonably found that Arenas–Garcia failed to demonstrate that he could not internally relocate within Colombia, particularly given his testimony that FARC had threatened all of his family members and that many of his immediate family members remain unharmed in Colombia, living in a suburb of his hometown. *See Surinder Singh v. BIA,* 435 F.3d 216, 219 (2d Cir.2006). Because the agency's finding that Arenas–Garcia failed to establish a well-founded fear of future persecution was supported by substantial evidence, it was reasonable to deny both Arenas–Garcia's asylum and withholding of removal claims. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006) (noting that a withholding claim necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim).

Finally, although the IJ stated an incorrect standard by requiring Arenas–Garcia to establish that government officials would torture him, *see Khouzam v. Ashcroft,* 361 F.3d 161, 171 (2d Cir.2004) (recognizing that "torture requires only that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it"), it is unnecessary to remand where, as here, "it is clear that the agency would adhere to its prior decision in the absence of error." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 (2d Cir.2006). In asserting his CAT claim, Arenas–Garcia relied on the same facts that he presented in support of his claim of a well-founded fear of future persecution. The IJ reasonably determined that Arenas–Garcia's fear of future persecution was not well-founded. For that reason we can confidently predict that on remand the IJ would likewise deny petitioner's claim that he would "more likely than not" be tortured if removed to Colombia.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).