SUMMARY ORDER
Petitioner Edgar Andres MaldonadoVillatoro, a native and citizen of Guatemala, seeks review of a February 8, 2008 order of the BIA dismissing his appeal from the July 10, 2006 decision of Immigration Judge (“IJ”) Philip J. Montante, Jr., denying Maldonado-Villatoro’s request for voluntary departure. In re Maldonado-Villatoro, No. A97 913 234 (B.I.A. Feb. 8, 2008), aff'g No. A97 913 234 (Immig. Ct. Buffalo July 10, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We lack jurisdiction to consider the petition for review in this case. See Carcamo v. U.S. Dep’t of Justice, 498 F.3d 94, 97 (2d Cir.2007) (“[W]e now hold that the REAL ID Act ... does not grant us power to review the discretionary and factual determinations underlying the denial of an application for voluntary departure.”). The Petitioner challenges the IJ’s conclusion that he was not entitled to a favorable exercise of discretion by alleging that the IJ erred in failing to consider “the equities” and focusing instead on the Petitioner’s admitted use of marijuana as a basis for denying the Petitioner’s request for voluntary departure. This argument “ ‘merely quarrels over the correctness of the factual findings or justifications for the discretionary choices,’ ” such that we lack jurisdiction to consider the petition for re *690 view. Id. at 98 (quoting Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 329 (2d Cir.2006)). The Petitioner also argues that the IJ and the BIA violated his due process rights by “failing to apply the standards established by the immigration law.” Although we have jurisdiction to review constitutional claims or questions of law in the context presented by the petition, see Carcomo, 498 F.3d at 97-98, here, the Petitioner does not raise a colorable constitutional claim or question of law because he alleges neither a “colorable due process claim” nor that the IJ’s “fact-finding [was] flawed by an error of law,” id. at 98 (internal quotation marks omitted). Finally, that the Government did not oppose his request for voluntary departure, but left that determination to the IJ’s discretion, presents no basis for concluding that the IJ committed either a constitutional violation or an error of law in this case.
For the reasons stated above, the petition for review is DISMISSED.