Accordingly, there is no basis on which to challenge the judgment of the district court.

For the foregoing reasons, the order of the district court is hereby **AFFIRMED.**

---

Quintin **CASTROMONTE-ALDAVE, Petitioner,**

v.

**Eric H. HOLDER Jr.,\* United States Attorney General, Respondent.**

**No. 08–3790–ag.**

United States Court of Appeals, Second Circuit.

May 12, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

CREED that the petition for review is DENIED.

Quintin Castromonte–Aldave, Hartford, CT, pro se, Petitioner.

Brendan Hogan, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Quintin Castromonte–Aldave, *pro se*, a native and citizen of Peru, seeks review of a July 8, 2008 order of the BIA affirming the May 23, 2007 decision of Immigration Judge ("IJ") Michael W. Straus denying Castromonte–Aldave's motion for a continuance and his motion to remand for voluntary departure. *In re Quintin Castromonte Aldave*, No. A88 189 896 (B.I.A. July 8, 2008), *aff'g* No. A88 189 896 (Immig. Ct. Hartford May 23, 2007). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When, as here, the BIA does not adopt the decision of the IJ to any extent, this Court reviews only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the BIA's denial of a motion to remand for consideration of new evidence for abuse of discretion. *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir.2005). We conclude that the BIA did not abuse its discretion and that its decision was proper in light of Castromonte–Aldave's failure to submit any evidence in support of his motion. Furthermore, we find no merit in Castromonte–Aldave's claim that the BIA erred by not elaborating upon his lack of prima facie eligibility for voluntary departure because, in the case of a discretionary grant of relief, the BIA may "leap ahead," and deny a motion to reopen on the ground that the petitioner is not entitled to a favorable exercise of discretion. *See INS v. Abudu*, 485 U.S. 94, 105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Insofar as Castromonte–Aldave is challenging the BIA's discretionary finding, we lack jurisdiction to review the claim, and it is accordingly dismissed. *See Carcamo v. U.S. Dep't of Justice*, 498 F.3d 94, 97 (2d Cir. 2007) (citing 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i)).

Castromonte–Aldave also claims that the IJ erred in denying him a continuance to post a bond. That issue is moot because the anticipated legislation that was the reason for the requested continuance has not been enacted. To the extent that Castromonte–Aldave argues that a continuance is necessary to protect his due process rights, or that those rights were violated by the IJ's conduct of the hearing, he has failed to exhaust these claims before the agency, and we accordingly dismiss them. *See Theodoropoulos v. INS*, 358 F.3d 162, 172–73 (2d Cir.2004) (finding that, although the BIA may not adjudicate constitutional claims, the petitioner must exhaust the issue so long as the BIA can provide the possibility of relief). Nor has Castromonte–Aldave exhausted any ineffective assistance of counsel claim that may be implicitly raised in his pleadings before this Court. *See Arango–Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir.1994).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.