**William A. BONILLA, Petitioner,**

v.

**Eric HOLDER, Jr.\*, U.S. Attorney General, Respondent.**

**No. 08–21500–ag.**

United States Court of Appeals, Second Circuit.

Sept. 18, 2009.

___

he did not file any independent applications for relief.

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Holder is automatically substituted for former Attorney General Michael Mukasey.

Walter H. Ruehle, Legal Aid Society of Rochester, Inc., Rochester, NY, for Petitioner.

Charles E. Canter (Michael F. Hertz and Barry J. Pettinato, on the brief), U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, DAVID G. TRAGER,** Circuit Judges.

### SUMMARY ORDER

William A. Bonilla ("Bonilla") seeks review of a final order of deportation of the Board of Immigration Appeals ("BIA"). Bonilla contends that the Immigration Judge ("IJ") and the BIA committed errors of law and constitutional errors in determining that he did not warrant relief under former section 212(c) of the Immigration and Nationality Act.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The petition raises four arguments:

(1) the IJ committed legal error when he required Bonilla to show that he had achieved "full and complete" rehabilitation by "clear, convincing evidence" and that his family would suffer "exceptional and extremely unusual hardship" if he were deported;

(2) the IJ committed legal error when he found that Bonilla was on parole as of the date of his hearing;

(3) the IJ committed legal error when he found that Bonilla had intentionally failed to pay child support; and

(4) the IJ committed constitutional error when he allowed into evidence a statement inculpating Bonilla and made by Bonilla's co-defendant in a 1989 armed robbery investigation.

■ The parties dispute whether the proper object of our review is the IJ's August 17, 2001 decision; the BIA's August 5, 2003 affirmance; or the BIA's April 8, 2008 re-affirmance of the IJ's decision (the BIA's 2003 decision had since been vacated). The BIA's two decisions agreed with the IJ's conclusion denying relief and

highlighted several of the same factors that the IJ emphasized in his opinion. "Where, as here, the BIA agrees with the IJ's conclusion ... and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision," we review both the IJ's and the BIA's opinions. *See Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). Accordingly, we review both the IJ's and the BIA's opinions.

■ Our jurisdiction over 212(c) petitions is limited to review of colorable "constitutional claims or questions of law"; we otherwise have no jurisdiction to review an IJ's discretionary factual determinations. *See* 8 U.S.C. § 1252(a)(2)(D); *see also Saloum v. U.S. Citizenship & Immigration Servs.,* 437 F.3d 238, 243 (2d Cir.2006).

We therefore closely scrutinize the claims to ensure that the petitioner is not simply raising issues of fact and couching them in legal or constitutional terms. *See Saloum,* 437 F.3d at 243. It is often difficult to determine what constitutes a question of law. *See Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 324 (2d Cir.2006) (hereinafter "*Chen II*"). However, a petitioner raises a question of law when he argues that the IJ relied on the existence of a particular fact even where the record "unambiguously" reveals that the IJ erred in finding that fact. *Id.* at 329; *see also Carcamo v. U.S. Dep't of Justice,* 498 F.3d 94, 98 (2d Cir.2007). Additionally, a claim that the IJ's discretionary decision was "based on a legally erroneous standard" also constitutes a question of law. *Chen II,* 471 F.3d at 329; *Carcamo,* 498 F.3d at 98.

Bonilla raises colorable arguments that the IJ applied improper legal standards, found facts that were unambiguously con-

** The Honorable David G. Trager, Senior District Judge, United States District Court for the Eastern District of New York, sitting by designation.

tradicted by the record, and violated his constitutional rights. Accordingly, we have jurisdiction over Bonilla's claims.

 Bonilla argues that the IJ applied erroneously stringent standards requiring a showing of "full and complete" rehabilitation by "clear, convincing evidence," and requiring him to establish that, if he were deported, his family would suffer "exceptional and extremely unusual hardship." This argument presumes that the IJ interpreted governing precedent to require that all 212(c) petitioners meet these heightened burdens. Bonilla misreads the IJ's opinion. Rather than imposing categorical burdens, the IJ required Bonilla to make heightened showings in this case because the equities otherwise weighed heavily against granting relief-in particular, Bonilla's extensive criminal past and his ongoing child support obligations. This determination, premised as it was on the facts of this particular case, falls clearly within the IJ's discretion.

 Bonilla next argues that the IJ committed legal error by concluding that, at the time of the hearing, he was still on parole. The record makes clear, and the government admits, that Bonilla was in fact *not* on parole at the time of his hearing before the IJ. Because the IJ found a fact that was unambiguously contradicted by the record, the IJ is deemed to have committed legal error. *See Chen II,* 471 F.3d at 329.

However, remand is unnecessary "(1) where the IJ explicitly relie[d] on a valid alternative ground for relief that is not tainted by error, (2) where the error is so tangential to the ultimate ruling that there is no realistic possibility of a different result on remand, or (3) where the untainted evidence in support of the IJ's conclusion is so overwhelming that there is no realistic possibility of a different result on ap-

peal." *Id.* at 338 (internal quotation marks omitted).

 We conclude that remand for this error is unnecessary. The reference to Bonilla's parole status came in the part of the opinion that summarized the relevant factual findings, *not* where the 212(c) balance was weighed and the explanation given for denying 212(c) relief. Furthermore, the IJ's discretionary decision was based on multiple factors, including Bonilla's criminal past and child support defaults. Given this other evidence, we see no "realistic possibility of a different result" on remand.

 Bonilla argues that there was absolutely no record support for the IJ's finding that Bonilla intentionally avoided his child support obligations. However, the IJ's finding was arguably supported by the record. There was evidence, for example, that Bonilla owed child support, that he was sued by the State for owing child support, and that there was a garnishment order on his wages. The IJ's conclusions are not so unambiguously contradicted by the record that they constitute legal error.

 Finally, Bonilla argues that his constitutional rights were violated when the IJ admitted into evidence a statement made by Bonilla's co-defendant in the 1989 robbery case to the effect that Bonilla provided the gun used in that robbery.

Hearsay evidence is admissible in deportation proceedings. *See Felzcerek v. I.N.S.,* 75 F.3d 112, 115 (2d Cir.1996). However, due process requires that the hearsay evidence be "probative" and that "its use be fundamentally fair." *Id.* Fundamental fairness, in turn, "is closely related to the reliability and trustworthiness of the evidence." *Id.* We have previously recognized (albeit in the criminal context) that "inculpatory hearsay statements made by an accomplice ... during formal police

interrogation" are untrustworthy. *See United States v. Morgan*, 385 F.3d 196, 208 (2d Cir.2004).

In this case, we need not and do not decide whether Bonilla suffered a constitutional deprivation, because in any event, remand would not be warranted. The IJ deduced from the hearsay statement—which said that Bonilla did give his co-defendant the gun—only that Bonilla "may" have provided the gun. The IJ thus recognized the potential unreliability of the statement. Moreover, in light of all the other factors emphasized by the IJ in deciding to deny Bonilla 212(c) relief, there is no indication that the co-defendant's statement was an appreciable factor in the IJ's decision.

Based on the foregoing reasons, we hereby **DENY** Bonilla's petition for relief.