09-0527-ag
Uddin v. Holder

BIA
DeFonzo, IJ
A098 796 302

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of January, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
>> *Circuit Judges.*

_____

JAMAL UDDIN,
>        *Petitioner,*

>        v.                                              09-0527-ag
>                                                         NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Howard M. Rosengarten, New York, N.Y.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Anthony N. Norwood, Senior Litigation Counsel; Surell Brady, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jamal Uddin, a native and citizen of Bangladesh, seeks review of a January 13, 2009 order of the BIA, affirming the July 12, 2007 decision of Immigration Judge ("IJ") Paul A. DeFonzo, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jamal Uddin*, No. A098 796 302 (B.I.A. Jan. 13, 2009), *aff'g* No. A098 796 302 (Immig. Ct. N.Y. City July 12, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In this case, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).[1]

Substantial evidence supports the IJ's adverse credibility determination, which was based, in part, on inconsistencies between Uddin's hearing testimony and his asylum application. *See Xiu Xia Lin*, 534 F.3d at 165-66; *cf. Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006). No reasonable adjudicator would be compelled to credit Uddin's explanations for the inconsistencies that it "slipped his mind" or was a "mistake." *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The IJ also reasonably relied on additional inconsistencies between Uddin's hearing testimony and his credible fear interview. We have recently held that where the record of a credible fear interview displays the hallmarks of reliability, it can be considered in assessing an alien's credibility. *Ming Zhang v. Holder*, No. 07-0327, 2009 WL 3489036, at 6 (2d Cir. Oct. 30, 2009). Here, although the record of the credible fear interview was a summary, the IJ

---

[1]The asylum application in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005). *See* Title I, § 101(a)(3) of the Act, 119 Stat. 231, 303 (amending 8 U.S.C. § 1158); *see also Xiu Xia Lin*, 534 F.3d at 165.

reasonably afforded it some weight, particularly because Uddin admitted that his testimony was inconsistent with the dates that he told the asylum officer during his credible fear interview. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179-80 (2d Cir. 2004).

While Uddin argues that the IJ erred by giving limited weight to his proffered evidence, the weight afforded evidence "lies largely within the discretion of the IJ," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006), and the agency need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006). It does appear, however, that the IJ may have been mistaken in finding that none of the letters that Uddin submitted "makes specific reference to [Uddin] having been assaulted on July 24, 2004, or on any other date." See JA 12. The letter from a physician, reporting on treatment administered to Uddin on July 24, 2004, states "injuries caused by sharp weapon and assault in origin." See JA 215, Exhibit 9A. The reasonable inference is that treatment administered on July 24 was for an assault that occurred on that date. Remand to correct this apparent mistake would be futile, however, as we can confidently predict that the agency would make the same decision based on the numerous inconsistencies on which the agency reasonably relied. *See Xiao J. Chen*, 471 F.3d at 339.

Thus, the agency's denial of Uddin's application for asylum was proper. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, because Uddin based his claims for withholding of removal and CAT relief on the same factual predicate as his asylum claim, those claims necessarily fail. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't. of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

Finally, Uddin argues that the IJ erred in finding that he failed to provide evidence that he qualified for voluntary departure; however, because this argument merely quarrels with the IJ's fact-finding, we lack jurisdiction to review it. *See Carcamo v. U.S. Dep't of Justice*, 498 F.3d 94, 97 (2d Cir. 2007) (citing 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(I)).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-4-