08-6145-ag
Macias v. Holder

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of February, two thousand and ten.

Present: RICHARD C. WESLEY,
         GERARD E. LYNCH,
               *Circuit Judges*,
         MARK R. KRAVITZ
               *District Judge.*[*]

_____

MICHAEL JAVIER MACIAS-BRITO,

        *Petitioner*,

      - v. -                   (08-6145-ag)

ERIC H. HOLDER, JR., United States
Attorney General,[**]

        *Respondent*.

_____

---

[*] The Honorable Mark R. Kravitz, United States District Court for the District of Connecticut, sitting by designation.

[**] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), United States Attorney General Eric H. Holder, Jr., is substituted for former Attorney General Michael B. Mukasey as respondent in this case. The Clerk of the Court is respectfully directed to amend the official caption in this action to conform to the caption in this summary order.

For Petitioner:                    SANDRA GREENE, GreeneFitzgerald Advocates and Consultants, York, Pennsylvania.

For Respondent:                    STUART S. NICKUM, Trial Attorney, Office of Immigration Litigation (Tony West, Assistant Attorney General; Jennifer Paisner Williams, Senior Litigation Counsel, Office of Immigration Litigation, *on the brief*), Civil Division, U.S. Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED** in part and **DISMISSED** in part.

Petitioner Michael Javier Macias-Brito, a native and citizen of Ecuador, seeks review of the November 17, 2008 decision of the BIA, which affirmed the October 2, 2007 decision of Immigration Judge ("IJ") Gabriel C. Videla. The IJ denied petitioner's applications for cancellation of removal and voluntary departure, held that petitioner had waived the ability to seek a waiver of inadmissibility and adjustment of status, and denied petitioner's motion for reconsideration.

We presume the parties' familiarity with the underlying facts and the procedural history of the case. In the petition for review, petitioner does not dispute the IJ's

2

denial of his application for a cancellation of removal. Rather, he challenges the IJ's conclusions relating to his ability to seek a waiver of inadmissibility and adjustment of status, and the IJ's denial of his request for voluntary departure.

Petitioner first contends that the IJ committed legal error by holding that petitioner had waived his ability to seek: (1) a waiver of inadmissibility pursuant to § 212(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(h); and (2) an adjustment of status pursuant to § 245(i) of the INA, *id.* § 1255(i). The IJ reached these conclusions based on the failure of petitioner's counsel to comply with the submission deadlines that he set during petitioner's administrative hearing. We review such decisions for abuse of discretion. *See Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008).

The transcript of petitioner's hearing demonstrates that, on January 19, 2007, the IJ directed petitioner's counsel to submit, by May 18, 2007, petitioner's "adjustment application and the waiver application and proof that he's . . . prima faci[e] eligible." The IJ made clear that May 18 would be the deadline for petitioner to submit his relevant applications, and warned that the date would be the "final

3

date for all applications for relief." To the extent that the IJ's instructions were ambiguous, it was incumbent upon counsel to seek clarification because petitioner bore the burden of demonstrating that he was entitled to relief. *See* 8 C.F.R. § 1240.8. Counsel failed to do so, and petitioner did not submit the materials by the May 18, 2008 deadline set by the IJ. Under those circumstances, the IJ did not abuse his discretion in determining that petitioner waived the opportunity to submit applications for a waiver of inadmissibility and an adjustment of status. *See id.* § 1003.31(c).[1] We further conclude that petitioner has not identified any meritorious basis — constitutional or otherwise — for finding that the IJ abused his discretion in denying petitioner's motion for reconsideration of these issues. Therefore, the petition for review is denied insofar as it challenges the IJ's decisions relating to petitioner's ability to seek a waiver of inadmissibility and an adjustment of status.

Petitioner's second principal contention is that the IJ

---

[1] In his brief in support of the petition for review, petitioner raises a series of contentions relating to "procedures required for the submission of relief applications in removal proceedings adopted in 2006 by [United States Citizenship and Immigration Services] and [the Executive Office for Immigration Review]." Petitioner did not present these arguments to the BIA in his direct appeal of the IJ's decision, and he therefore may not press them here. *See Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 & n.1 (2d Cir. 2007); *see also Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007) (citing 8 U.S.C. § 1252(d)(1)).

4

wrongly denied his application for voluntary departure pursuant to INA § 240B(b), 8 U.S.C. § 1229c(b). Our jurisdiction over this aspect of the petition is limited to the examination of colorable constitutional and legal questions presented therein. *See Carcamo v. U.S. Dep't of Justice*, 498 F.3d 94, 97 (2d Cir. 2007) (citing 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i)). At bottom, however, petitioner challenges the factual determinations of IJ. When presenting such contentions, the "'talismanic invocation of the language of due process' is insufficient to confer jurisdiction on this Court." *Id.* at 98 (quoting *Saloum v. U.S. Citizenship & Immig. Servs.*, 437 F.3d 238, 243 (2d Cir. 2006)). Consequently, the petition for review is dismissed to the extent that it challenges the BIA's denial of petitioner's application for voluntary departure.

We have reviewed all of petitioner's arguments and find them to be without merit. Accordingly, the petition for review is **DENIED** in part and **DISMISSED** in part, and the pending motion for a stay of removal is **DISMISSED** as moot.

                                        For the Court
                                        Catherine O'Hagan Wolfe, Clerk

5