Taveras v. Holder

BIA
A038 930 763

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of August, two thousand twelve.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

JUAN RAFAEL TAVERAS, AKA JOSELO,
AKA JUAN TAVERAS,
> *Petitioner,*

v.                                        11-88-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Earl Ian Laidlow, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney General;
                       Jamie M. Dowd, Senior Litigation
                       Counsel; Andrew N. O'Malley, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department of
                       Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Juan Rafael Taveras, a native and citizen of the Dominican Republic, seeks review of a November 24, 2010, decision of the BIA denying his motion to reopen. *In re Juan Rafael Taveras*, No. A038 930 763 (B.I.A. Nov. 24, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). An alien claiming ineffective assistance of counsel "must . . . show prejudice resulting from counsel's alleged deficiencies." *Debeatham v. Holder*, 602 F.3d 481, 485 (2d Cir. 2010); *see also Vartelas v. Holder*, 620 F.3d 108, 113 (2d Cir. 2010). Because the agency reasonably concluded that Taveras failed to show prejudice, the agency did not abuse its discretion in denying his motion to reopen.

Taveras first argues that his counsel's failure to adduce testimony or a written statement from Eugenia Bautista, Taveras's live-in girlfriend, prejudiced him because Bautista would have provided evidence of Taveras's good moral character and his

2

rehabilitation.  The agency did not abuse its discretion in concluding that Taveras failed to demonstrate that he was prejudiced by the absence of such a statement.  During his hearing, Taveras testified about his relationship with Bautista, including that he resided with her and her two children, that she was aware of his criminal conviction, that she supported his effort to obtain cancellation of removal, and that he had no problems with her children.  Nothing in the immigration judge's ("IJ") decision suggests that the IJ did not credit Taveras's testimony in this respect, and, in weighing the equities of Taveras's case, the IJ noted that Bautista was supportive of Taveras.  Further, Bautista's affidavit in support of reopening provided no basis for the agency to conclude that Taveras had been prejudiced by the omission of Bautista's testimony at his hearing, as the affidavit does not detail how Bautista would have testified.  Rather, in addition to asserting her willingness to testify on his behalf, Bautista stated only that she and Taveras had lived together for four years, that they had a "good and solid relationship," that he provided her children with emotional support, that she believed he had been rehabilitated, and that she believed he deserved cancellation of removal.  Much of this is repetitive of Taveras's testimony regarding his relationship with Bautista and her children, and, thus, provides no basis for concluding that the IJ would have made a different decision had Bautista testified.

Moreover, the IJ indicated that he did not believe that Bautista had a clear understanding of the conduct underlying Taveras's conviction. Although Taveras argues that this demonstrates that the IJ would have benefitted from Bautista's testimony, Bautista's affidavit does not reflect that she did, in fact, understand the facts of Taveras's conviction, as the affidavit does not discuss this issue. Absent evidence that Bautista's testimony would have demonstrated a full understanding of Taveras's conviction – and that this would have altered the IJ's decision regarding cancellation of removal – there is no basis to conclude that the agency abused its discretion in determining that Taveras was not prejudiced.

Second, Taveras argues that his counsel erred by failing to provide the IJ with evidence that Taveras had completed sex-offender-specific treatment. Taveras, however, provided the agency with no evidence demonstrating that, at the time of his hearing, he had actually completed any such treatment. Taveras contends that the timely submission of the Klosek Clinic discharge summary – which the IJ rejected as untimely filed – would have changed the outcome of his proceedings because it would have demonstrated that he was rehabilitated and was willing to address the personal issues that led to his conviction. He similarly argues that his attorney's failure to adduce testimony from a Klosek Clinic representative was prejudicial for the same reasons. There is no evidence that the agency abused its discretion. In weighing the

4

equities of Taveras's case, the IJ noted that Taveras had not sought treatment specifically for sex offenders, and, thus, had not "received or sought the best or most appropriate treatment for any problems he may have had." The IJ relied on the pre-sentence report's description of the treatment Taveras received at the Klosek Clinic, which noted that Richard Klosek had diagnosed Taveras with pedophilia and alcohol abuse, and that Taveras was beginning group therapy at the time the pre-sentence report was prepared. The pre-sentence report also noted that Taveras was not participating in sex offender treatment, that Klosek had recommended that he do so, and that the treatment that he was receiving at the clinic was "adjunctive" to sex offender treatment. The discharge summary that was rejected as untimely reflects merely that Taveras underwent treatment for alcohol and substance abuse issues. It does not indicate that Taveras underwent sex-offender-specific treatment; nor does it contradict the pre-sentence report's statement that the treatment at the Klosek Center was adjunctive to, and not a replacement for, sex offender treatment. As to Taveras's contention that his counsel should have adduced testimony from a Klosek Clinic representative, he did not provide the BIA with any evidence regarding how that representative would have testified, and, thus, offers no basis for determining that the absence of that testimony prejudiced him.

The record reflects that Taveras failed to offer the agency any evidence either that he had completed sex-offender-specific

5

treatment prior to his hearing, or that his counsel's allegedly ineffective assistance resulted in that evidence being excluded by the IJ. Absent such evidence, there is no basis for concluding that the inclusion of the discharge summary or testimony from a Klosek Clinic representative would have addressed the IJ's concern that Taveras had not obtained appropriate treatment for his problems. Accordingly, there is no evidence that these alleged errors were prejudicial.

Third, Taveras argues that his counsel erred in failing to obtain a psychological evaluation regarding the likelihood that he would re-offend, and whether he had been rehabilitated. Taveras obtained such a report from the Consulting Project and submitted it in support of his motion to reopen. The IJ's decision in this case demonstrates that the lack of evidence regarding Taveras's rehabilitation weighed against cancellation in the IJ's weighing of the equities. However, Taveras did not provide the agency with any argument or explanation detailing how the report from the Consulting Project – had it been provided to the IJ – would have changed the outcome of his cancellation hearing. This is particularly important given that the lack of evidence relating to Taveras's rehabilitation was not the sole basis for the IJ's decision to deny cancellation. Accordingly, Taveras failed to demonstrate that the absence of that report was prejudicial.

Taveras's arguments that the agency failed to give proper weight to the Consulting Project's report or give a full

6

explanation for its conclusion that the report was not a sufficient basis to grant reopening, are similarly unavailing. We do not "demand that the BIA expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Jin Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (internal quotation marks omitted). Moreover, the agency's decision reflects that it did consider the report despite the fact that Taveras submitted it without explanation or argument regarding its significance. Accordingly, the agency did not abuse its discretion in its consideration of the Consulting Project report.

Finally, Taveras argues that his counsel improperly failed to object to the admission of the pre-sentence report. Taveras, however, offers no basis for concluding that the failure was an error. Taveras conclusorily asserts that the pre-sentence report was obtained in violation of New York State law. He fails, however, to explain either how that violation is evidenced by the record or in what way that purported violation of state law renders its use in a federal administrative proceeding improper. Further, there is no basis for concluding that the IJ would have excluded the pre-sentence report had counsel objected to it, as the IJ is permitted to consider documents not part of the formal record of conviction when determining whether to grant discretionary relief from removal. *See, e.g., Carcamo v. U.S. Dep't of Justice*, 498 F.3d 94, 98 (2d Cir. 2007). Accordingly, there is no basis for concluding that Taveras was prejudiced by that failure. Because

7

Taveras has failed to demonstrate that he was prejudiced by any of the alleged errors of his counsel, the agency did not abuse its discretion in denying his motion to reopen. *See Debeatham*, 602 F.3d at 485.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8