13-331
Cedillo v. Lynch

BIA
A089 014 724

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of June, two thousand sixteen.

PRESENT:
BARRINGTON D. PARKER,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
*Circuit Judges.*

_____

CARLOS VINICIO CEDILLO, AKA CARLOS CEDILLO,
*Petitioner,*

v.                                              13-331
                                                NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:         Justin Conlon, Law Offices of Justin Conlon, Hartford, CT.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney General; Anthony W. Norwood, Senior Litigation Counsel; Manuel Palau,

**Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Carlos Vinicio Cedillo, a native and citizen of Ecuador, seeks review of a January 3, 2013 decision of the BIA denying his timely motion to reopen to seek voluntary departure. *In re Carlos Vinicio Cedillo*, No. A089 014 724 (B.I.A. Jan. 3, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). "A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Failure to offer such evidence is, therefore, a proper ground on which the BIA may deny a motion to reopen, as is

the movant's failure to establish a prima facie case for the underlying substantive relief sought. *INS v. Abudu*, 485 U.S. 94, 104-05 (1988). In addition, where the ultimate relief is discretionary, "the BIA may leap ahead, as it were, over the two threshold concerns (prima facie case and new evidence[]), and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief." *Id.* at 105.

We are "barred by statute from reviewing the denial of a request for voluntary departure." *See Carcamo v. U.S. Dep't of Justice*, 498 F.3d 94, 97 (2d Cir. 2007) (citing 8 U.S.C. § 1229c(f) ("No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure . . . ."); 8 U.S.C. § 1252(a)(2)(B)(i) (depriving courts of jurisdiction to review "any judgment regarding the granting of relief under section ... 1229c[, which governs grants of voluntary departure"])). Nevertheless, we retain jurisdiction to review constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D). A "petitioner cannot . . . secure review by using the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion."

3

*Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

Cedillo's argument, that the BIA engaged in impermissible fact-finding by concluding that the dismissal of his charges under a pretrial diversion program did not outweigh his serious criminal activity, "merely quarrels over the correctness of the . . . justification for [the BIA's] discretionary choice[]." *Id.* As noted above, the BIA may deny a motion to reopen based on its own determination that "the movant would not be entitled to the [underlying] discretionary grant of relief" sought. *Abudu*, 485 U.S. at 105. Cedillo's contention, in reliance on *Padmore v. Holder*, 609 F.3d 62, 67 (2d Cir. 2010), that the BIA was not free to determine that he had engaged serious criminal activity because the IJ had merely observed that Cedillo had serious charges pending, is misplaced. *Padmore* concerned an *appeal* from an IJ's decision to the BIA, *see id.* at 64, and we have recognized that the BIA will properly engage in fact-finding when, as here, it is deciding a motion to reopen. *See, e.g., Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008); *Li Yong Cao v. Dep't of Justice*, 421 F.3d 149, 151, 156 (2d Cir. 2005). *See also* 8

4

C.F.R. § 1003.1(d)(3)(iv) ("Except for taking administrative notice of commonly known facts such as current events or the contents of official documents, the Board will not engage in factfinding *in the course of deciding appeals*.") (emphasis added)).

For the foregoing reasons, the petition for review is DISMISSED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk