09-4917-ag
Ramos-Sanchez v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14ᵗʰ day of October, two thousand ten.

PRESENT: ROBERT D. SACK,
            REENA RAGGI,
                 *Circuit Judges*,
            JOHN G. KOELTL,
                 *District Judge*.*

-------------------------------------------------------------------------------

LUCIA RAMOS-SANCHEZ, a.k.a. Lucia Sanchez,

                            *Petitioner*,

           v.                         No. 09-4917-ag

ERIC H. HOLDER, JR., U.S. Attorney General,

                            *Respondent*.

-------------------------------------------------------------------------------

APPEARING FOR PETITIONER:      ERIN I. O'NEIL-BAKER, ESQ. Hartford, Connecticut.

APPEARING FOR RESPONDENT:      TRACEY MCDONALD (Tony West, Acting Assistant Attorney General, Civil Division; Ernesto H. Molina, Jr., Assistant Director, Office

---

* District Judge John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

of Immigration Litigation; Dana M. Camilleri, Trial Attorney, Office of Immigration Litigation, *on the brief*), United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of the decision of the Board of Immigration Appeals ("BIA") is DISMISSED.

Lucia Ramos-Sanchez, a native and citizen of Mexico, petitions for review of a BIA decision affirming a ruling by Immigration Judge ("IJ") Philip Verrillo, denying her application for cancellation of removal because she did not establish resulting "exceptional and extremely unusual hardship," 8 U.S.C. § 1229b(b)(1)(D), to her United States citizen children, one of whom suffers from asthma, and the other of whom receives speech therapy at school, see In re Ramos-Sanchez, A074 985 888 (B.I.A. Oct. 30, 2009), aff'g No. A074 985 888 (Immig. Ct. Hartford, Conn. June 22, 2009). Under the circumstances of this case, we review the decisions of both the BIA and the IJ. See, e.g., Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir. 2005). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

1.    Standard of Review

We lack jurisdiction to review the agency's discretionary hardship determination, see 8 U.S.C. § 1252(a)(2)(B)(i); Mendez v. Holder, 566 F.3d 316, 322 (2d Cir. 2009), except to the extent the petition raises a constitutional claim or question of law, see 8 U.S.C. § 1252(a)(2)(D). When a legal argument is "so insubstantial and frivolous as to be

inadequate to invoke federal-question jurisdiction," Barco-Sandoval v. Gonzales, 516 F.3d 35, 40 (2d Cir. 2008), a "petitioner cannot overcome this deficiency and secure review by using the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion," Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 330 (2d Cir. 2006); accord Carcamo v. U.S. Dep't of Justice, 498 F.3d 94, 98 (2d Cir. 2007) (limiting review to "colorable" constitutional claims or questions of law).

2.      Challenge to Agency Factfinding

Ramos-Sanchez submits that we have jurisdiction because "the agency's decision rests on factfinding 'which is flawed by an error of law.'" Mendez v. Holder, 566 F.3d at 322 (quoting Barco-Sandoval v. Gonzales, 516 F.3d at 40). For challenged factfinding to equate to an error of law there must be "clear proof that the factual basis for an IJ's decision was unambiguously contradicted by the record." Carcamo v. U.S. Dep't of Justice, 498 F.3d at 98. That is not this case. The record does not support Ramos-Sanchez's assertion that the IJ overlooked evidence indicating the severity of her daughter's asthma. To the contrary, the IJ reviewed the child's medical reports and noted that she used a nebulizer and inhaler and was prescribed Albuterol and other medications as needed for her asthma attacks.[1] Likewise,

---

[1] Ramos-Sanchez suggests that the IJ erred by refusing to allow evidence of the child's medical needs into evidence. The record is to the contrary. The child's documentary medical records are part of the administrative record and, as noted, were reviewed by the IJ. Further, although the IJ did not permit Ramos-Sanchez to admit the particular medical devices and medications used by her daughter into evidence, he expressly stated: "You certainly can ask questions about . . . her daughter's condition and whatever she uses in

3

the IJ acknowledged and considered Ramos-Sanchez's concerns regarding the poor air quality and relative lack of medical care in Mexico. Nevertheless, the IJ determined that Ramos-Sanchez did not carry her burden of showing that her daughter's condition could not be treated in Mexico or otherwise rose to a level where petitioner's removal would result in an "exceptional and extremely unusual hardship" to the child. 8 U.S.C. § 1229b(b)(1)(D). On this record, we cannot conclude that the agency "totally overlooked" relevant facts, such that an error of law has been committed. Mendez v. Holder, 566 F.3d at 323.

Nor did the agency seriously mischaracterize Ramos-Sanchez's family ties in the United States, as petitioner suggests. See id. The IJ expressly found that Ramos-Sanchez had a sister who lived in Hartford, Connecticut, but he also noted that her mother and sister live together in Mexico. Further, the bulk of the IJ's analysis involved the hardship that Ramos-Sanchez's removal would cause to her two United States citizen children. Thus, Ramos-Sanchez's disagreement with the agency's hardship determination manifests not an error of law, but rather a "quarrel[] over the correctness of the [agency's] factual findings or justification for [its] discretionary choices," which we lack jurisdiction to review. Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d at 329.

### 3. Challenge to Legal Standard

---

connection with that . . . ." Hr'g Tr. at 26. Finally, in his decision, the IJ specifically referenced the fact that, through counsel, Ramos-Sanchez "showed the Court the nebulizer . . . and also the inhaler used by her daughter." IJ Decision at 4. On this record, we identify no colorable constitutional claim or error of law.

4

Relying on In re Recinas, 23 I. & N. Dec. 467 (B.I.A. 2002), Ramos-Sanchez contends that the agency committed legal error by misapplying its own precedent with respect to the exceptional hardship standard to her case. We disagree. In Recinas, the BIA emphasized "the United States citizen children's unfamiliarity with the Spanish language, the lawful residence in this country of all of the respondent's immediate family, and the concomitant lack of family in Mexico," in identifying "the outer limit of the narrow spectrum of cases in which the exceptional and extremely unusual hardship standard will be met," id. at 470-72; accord Barco-Sandoval v. Gonzales, 516 F.3d at 40. Ramos-Sanchez's circumstances fall well outside this spectrum. Her children are both fluent in Spanish, which is the primary language spoken in their home, and Ramos-Sanchez's mother and sister live in Mexico. In these circumstances, Ramos-Sanchez's claim of legal error is "so insubstantial and frivolous" as to preclude our exercise of jurisdiction. See Barco-Sandoval v. Gonzales, 516 F.3d at 40.

We have considered Ramos-Sanchez's other arguments and conclude they are without merit. Accordingly, we DISMISS the petition for review.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5