11-174-ag
Noriega de Pomar v. Holder

BIA
Balasquide, IJ
A097 722 742

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of December, two thousand eleven.

PRESENT:
> DENNIS JACOBS,
> > _Chief Judge_,
> PETER W. HALL,
> GERARD E. LYNCH,
> > _Circuit Judges_.

_____

PAOLA ESTHER NORIEGA DE POMAR,
> _Petitioner_,

v.                                                11-174-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> _Respondent_.

_____

FOR PETITIONER:          Amanda E. Gray (Jules E. Coven,
                         Kerry W. Bretz, _on the brief_)
                         Bretz & Coven, LLP,
                         New York, NY.

**FOR RESPONDENT:**                    **Tony West, Assistant Attorney General; Blair O'Connor, Assistant Director; Kathryn Moore, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Paola Esther Noriega de Pomar, a native and citizen of Peru, seeks review of a December 20, 2010, order of the BIA reversing the September 14, 2009, decision of Immigration Judge ("IJ") Javier E. Balasquide, and finding her removable and ineligible for cancellation of removal. In re Paola Esther Noriega de Pomar, No. A097 722 742 (B.I.A. Dec. 20, 2010), rev'g No. A097 722 742 (Immig. Ct. N.Y. City, Sept. 14, 2009). We assume the parties' familiarity with the underlying facts, procedural history, and the issues presented for review. Since the BIA reversed the decision of the IJ, we review only the BIA's decision. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005).

Generally we lack jurisdiction to review the agency's denial of an application for cancellation of removal under 8

2

U.S.C. § 1229b(b) that is based on an alien's failure to establish "exceptional and extremely unusual hardship." See 8 U.S.C. § 1252(a)(2)(B)(i); see also Barco-Sandoval v. Gonzales, 516 F.3d 35, 39 (2d Cir. 2008). However, pursuant to the REAL ID Act, we retain jurisdiction to review non-frivolous constitutional claims and questions of law, which we review de novo. See 8 U.S.C. § 1252(a)(2)(D); Vargas-Sarmiento v. U.S. Dep't of Justice, 448 F.3d 159, 164-65 (2d Cir. 2006); Sepulveda v. Gonzales, 407 F.3d 59, 62-63 (2d Cir. 2005).

[1] Noriega de Pomar argues that the BIA's discretionary decision rests on fact-finding that is flawed by an error of law because it overlooked and mischaracterized evidence that Andrea, her U.S. citizen daughter, would suffer exceptional and extremely unusual hardship as a result of Noriega de Pomar's removal. The BIA explicitly considered the likely impact of Noriega de Pomar's removal on Andrea's academic and athletic endeavors. Noriega de Pomar points out that the BIA did not mention the number of years that Andrea was in honors classes or the possibility that she could earn a soccer scholarship, but it was not required to do so. See Mendez v. Holder, 566 F.3d 316, 323 (2d Cir. 2009) ("[T]he

3

agency does not commit an 'error of law' every time an item of evidence is not explicitly considered or is described with imperfect accuracy . . . .")

The BIA concluded that Noriega de Pomar's daughter would be "emotionally distracted" by her mother's removal. Noriega de Pomar argues that this mischaracterizes the extent of the hardship.  However, the record does not contradict that characterization.  See Carcamo v. U.S. Dep't of Justice, 498 F.3d 94, 98 (2d Cir. 2007).

**[2]** Noriega de Pomar further contends that the BIA incorrectly applied the clearly erroneous standard of review by substituting its judgment when reviewing the IJ's findings.  This argument is unavailing.  The BIA reviews questions of law and discretion de novo, and under that standard the BIA may make an independent determination of whether the hardship to be suffered by the alien's citizen relative rises to the necessary level.  8 C.F.R. § 1003.1(d)(3)(ii).  The BIA thus did not err in rejecting the IJ's conclusion that the seriousness of Andrea's psychological state showed that she would experience hardship that is exceptional and extremely unusual. Noriega's arguments to the contrary amount to "a quarrel

4

about . . . the exercise of discretion" which we lack jurisdiction to review. <u>Barco-Sandoval</u>, 516 F.3d at 39 (internal quotation marks omitted). Similarly, the BIA did not make an inappropriate factual finding as to whether Noriega de Pomar would reunite with her family; rather, the BIA correctly noted that she presented no evidence that a reunion was impossible in South America.

**[3]** Finally, Noriega de Pomar asserts that the BIA erroneously failed to provide its reasoning or consider the hardship factors in the aggregate. However, the BIA clearly discussed the detrimental effects Noriega de Pomar's removal would have on her daughter's academic and athletic endeavors, as well as Andrea's loss of her mother's financial contribution and emotional support. The BIA nevertheless found that, in the aggregate, this evidence did not amount to the requisite hardship because Noriega de Pomar testified that her daughter would remain in the United States if she were removed, and thus Andrea would enjoy the same educational and athletic opportunities in the United States. The BIA's legal finding is supported by precedent. See <u>Matter of Andazola-Rivas</u>, 23 I. & N. Dec. 319, 322-23 (B.I.A. 2002) (holding that economic detriment to a qualifying relative alone does not meet the hardship

5

standard); cf. Matter of Recinas, 23 I. & N. Dec. 467, 471 (B.I.A. 2002).  Because the BIA explained its reasoning, and the record does not reflect any failure of the BIA to assess the hardship factors in the aggregate, the BIA did not err as a matter of law.  See id. at 472 (holding that the analysis of hardship requires an assessment of the hardship factors in their totality).

We have considered Petitioner's remaining arguments and we find them to be without merit.  For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion to dismiss this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk