Poku v. Garland

BIA
Straus, IJ
A074 916 914

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand twenty-three.

PRESENT:
> ROBERT D. SACK,
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

NANA OWUSU POKU,
> *Petitioner,*

v.                                                    21-6318

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER: GLENN L. FORMICA, FORMICA P.C., New Haven, CT.

FOR RESPONDENT: LINDA Y. CHENG, Trial Attorney, Office of Immigration Litigation (Anthony P. Nicastro, Assistant Director, *on the brief*), *for* Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Nana Owusu Poku, a native and citizen of Ghana, seeks review of a May 20, 2021 decision of the BIA, affirming a June 28, 2018 decision of an Immigration Judge ("IJ"), which denied his application to adjust to lawful permanent resident status. *In re Nana Owusu Poku*, No. A074 916 914 (B.I.A. May 20, 2021), *aff'g* No. A074 916 914 (Immigr. Ct. Hartford June 28, 2018).[1] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

We have reviewed both the IJ's and the BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Our jurisdiction to review a denial of discretionary relief, including waivers of inadmissibility and adjustment to lawful permanent resident status, is limited to colorable constitutional claims and questions of law. *See* 8 U.S.C. §§ 1182(i)(2), 1252(a)(2)(B), (D); *Bugayong v. INS*, 442 F.3d 67, 71–72 (2d Cir. 2006). "For jurisdiction to attach, the

---

[1] Poku seeks to adjust his status under the I-130 petition of his adult son, who is a United States citizen.

2

petitioner's argument must be more than a 'quarrel[ ] over the correctness of the factual findings or justification for the discretionary choices.'" *Marquez v. Garland*, 13 F.4th 108, 114 (2d Cir. 2021) (quoting *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 329 (2d Cir. 2006)). Moreover, "we lack jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction." *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2007).

The adjustment of status Poku seeks is a "a two-step process, involving, first, proof of an alien's statutory eligibility for the adjustment, and second, an exercise of discretion by the Attorney General as to whether to grant such relief." *Singh v. Gonzales*, 468 F.3d 135, 138 (2d Cir. 2006) (internal quotation marks and citation omitted). Because, as Poku acknowledges, he previously committed multiple immigration frauds, he is inadmissible. *See* 8 U.S.C. § 1182(a)(6)(C)(i). Nevertheless, the agency has the discretion to waive that basis of inadmissibility if the noncitizen demonstrates that "refusal of admission to the United States . . . would result in extreme hardship" to certain qualifying relatives. *Id.* § 1182(i)(1).

The agency found there was "no doubt that [Poku] . . . ha[d] met his burden of proof to show extreme hardship" based on the impact of his removal on his legal permanent resident spouse and their teenage United States citizen son, who had been diagnosed

3

with autism. Certified Administrative Record ("CAR") at 71. However, in what the IJ described as a "very difficult decision," *id.* at 73, the agency denied Poku's adjustment of status as a matter of discretion because his history of immigration fraud outweighed his positive equities. As set forth below, Poku's claims of constitutional and legal error are not colorable and are therefore insufficient to invoke this Court's jurisdiction to review the agency's denial of discretionary relief.

Poku argues that the agency violated his due process rights by relying on what Poku surmised were notes from a prior bond proceeding that were not part of the administrative record. Poku primarily takes issue with the IJ's reference to his "false testimony [at the bond hearing] to the court about who [he is] living with, despite the fact that he[] told the court today that he's been living with his wife since she arrived in 2001." *Id.* at 83. However, "[p]arties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks and citations omitted). Here, even assuming *arguendo* it was error for the agency to rely on testimony from the bond hearing, Poku "fails to demonstrate how the alleged shortcomings have prejudiced the outcome of his case," *id.*, since he admitted the same facts on the record in his removal

4

proceedings. For example, he acknowledged that he told an immigration officer that he was living together with his wife even though it "wasn't true." CAR at 148–49. Therefore, because of the absence of any cognizable prejudice from the alleged procedural error, this claim provides no constitutional basis for this Court's exercise of jurisdiction. *See Carcamo v. U.S. Dep't of Just.*, 498 F.3d 94, 98 (2d Cir. 2007) ("[Petitioner's] talismanic invocation of the language of due process is insufficient to confer jurisdiction on this Court, as [petitioner] must allege at least a colorable constitutional violation." (internal quotation marks and citation omitted)).

Poku also argues that the agency failed to issue a fully reasoned decision or articulate the legal standard on which the decision was based. The agency may commit legal error if its discretionary decision "was made without rational justification," *Xiao Ji Chen*, 471 F.3d at 329, and "we require a certain minimum level of analysis from the IJ and BIA opinions," *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005). Poku's argument finds no support in the record. The IJ cited the adjustment statute, noted the requirements for showing both eligibility and that a favorable exercise of discretion was warranted, referenced the extreme hardship requirement for a fraud waiver, and considered the positive and negative factors relevant to the exercise of discretion. Moreover, Poku ignores the BIA's incorporation by

5

reference of its own precedent, including *Matter of Silva-Trevino*, 26 I & N Dec. 826, 836-37 (BIA 2016), which the BIA noted "discuss[es] the framework for evaluating discretionary determinations." CAR at 3. In doing so, the BIA "agree[d] with the Immigration Judge that [Poku] did not warrant adjustment of status as a matter of discretion because his lengthy history of immigration fraud outweighs the positive factors in his case." *Id.* The BIA, like the IJ, then specifically discussed the positive and negative factors.[2] *See id.* at 3-4. In short, because it is clear from the record that the agency both articulated and applied the correct legal standard, Poku's argument fails to raise a reviewable "question of law." *See Gui Yin Liu v. INS*, 508 F.3d 716, 720-21 (2d Cir. 2007) (per curiam). In essence, Poku merely challenges the agency's fact-finding and balancing of the discretionary factors, neither of which we have jurisdiction to review. *See Patel v. Garland*, 142 S. Ct. 1614, 1622-23 (2022).

---

[2]  Poku also seems to claim that the agency did not properly articulate the standard for the fraud waiver under 8 U.S.C. § 1182(i). As a threshold matter, Poku waived this argument by not presenting it before the BIA. *See Foster v. INS*, 376 F.3d 75, 77-78 (2d Cir. 2004) (per curiam). In any event, this contention is meritless. Although the IJ's oral ruling did not include a statutory citation, the phrase "extreme hardship," *see* CAR at 71, is a clear reference to 8 U.S.C. § 1182(i)(1), which establishes the "extreme hardship" standard. Furthermore, such an omission would not constitute a constitutional or legal defect authorizing jurisdiction to review because the agency denied adjustment not based on the absence of an extreme hardship, but rather as a matter of discretion after balancing the positive and negative factors. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

6

Finally, Poku contends that the IJ impermissibly re-adjudicated his previously approved visa petition, which was filed by his adult U.S. citizen son who serves in the military. Poku's argument is that the IJ was wrong to consider one of his prior marriages fraudulent because the visa petition would not have been approved if that were the case. This contention has no merit. The fact that the visa petition was *prima facie* approvable based on Poku's relationship to his U.S. citizen son is not inconsistent with a subsequent finding that he did not warrant discretionary relief because of past immigration fraud that was not considered as part of the visa petition.

We have considered Poku's remaining arguments and find them insufficient to invoke our jurisdiction. For the foregoing reasons, the petition for review is DISMISSED for lack of jurisdiction.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

7