16-3053
Lazo v. Sessions

BIA
Mulligan, IJ
A079 135 749

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand seventeen.

PRESENT:
**DENNIS JACOBS,**
**REENA RAGGI,**
**CHRISTOPHER F. DRONEY,**
*Circuit Judges.*

_____

VICTOR RUBEN LAZO,

      *Petitioner,*

    v.                                             **16-3053**

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,

      *Respondent.*

_____

FOR PETITIONER:                    THOMAS H. NOOTER, Freeman, Nooter & Ginsberg;
                                   New York, NY.


FOR RESPONDENT:                    ANTHONY O. POTTINGER, Trial Attorney, Office of
                                   Immigration Litigation (Benjamin C. Mizer, Principal
                                   Deputy Assistant Attorney General; Erica B. Miles,
                                   Senior Litigation Counsel, on the brief), United States
                                   Department of Justice; Washington, DC.


**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED** in part and **DENIED** in part.


Petitioner Victor Ruben Lazo, a native and citizen of Ecuador, seeks review of an August 4, 2016 decision of the BIA affirming the March 10, 2014 decision of an Immigration Judge ("IJ") denying Lazo cancellation of removal. *In re Victor Ruben Lazo*, No. A079 135 749 (B.I.A. Aug. 4, 2016), *aff'g* No. A079 135 749 (Immig. Ct. N.Y. City Mar. 10, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.


We have reviewed the IJ's decision as modified by the BIA, *i.e.*, without the one finding that the BIA rejected. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Our review of the agency's discretionary denial of adjustment of status is limited to colorable constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40-41 (2d Cir. 2008); *Guyadin v. Gonzales*, 449 F.3d 465, 468-69 (2d Cir. 2006). We review such claims *de novo*. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). To determine whether jurisdiction exists, we "study the arguments asserted," and consider, "regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case [we] would lack jurisdiction, or whether it instead raises a 'constitutional claim' or 'question of law,' in which case [we] could exercise jurisdiction to review those particular issues." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).


We lack jurisdiction to consider Lazo's argument that the agency erred as a matter of law and violated his due process rights by relying on criminal conduct alleged in uncorroborated criminal complaints pursuant to which he was never convicted. "[P]olice reports and complaints, even if containing hearsay and not a part of the formal record of conviction, are appropriately admitted for the purposes of considering an application for discretionary relief." *Carcamo v. U.S. Dep't of Justice*, 498 F.3d 94, 98 (2d

Cir. 2007); *see also Matter of Grijalva*, 19 I. & N. Dec. 713, 722 (B.I.A. 1988). The agency is "hesitant to give substantial weight to an arrest report, absent a conviction or corroborating evidence of the allegations contained therein." *In re Arreguin De Rodriguez*, 21 I. & N. Dec. 38, 42 (B.I.A. 1995). The IJ did not rely solely on uncorroborated allegations in weighing the equities in Lazo's case; rather, he evaluated the allegations in light of whether Lazo admitted or denied them and whether or not the charges were dismissed. We lack jurisdiction to reassess the weight the agency gave this evidence and dismiss the petition to this extent. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Guyadin*, 449 F.3d at 468-69.

Lazo also argues that bias on the part of the IJ violated his due process rights. "To establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims or that [he was] otherwise deprived . . . of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted). Although rare, remand may be required when an IJ demonstrates bias and hostility towards an applicant for relief in removal proceedings. *See Guo-Le Huang v. Gonzales*, 453 F.3d 142, 148 (2d Cir. 2006).

Remand is not required here because the IJ provided Lazo a full and fair opportunity to present his claim without demonstrating bias. In more than two years of proceedings, the IJ made one questionable comment at a preliminary hearing when he noted Lazo's history of arrests for violent conduct and wondered aloud why release on bond was granted. The IJ did not prevent Lazo from testifying extensively and provided him an opportunity to address fully his criminal record. When Lazo's wife was called to testify, the IJ questioned whether she could testify in Lazo's presence without security present. That was reasonable, given that there was an order of protection in place; Lazo's attorney had raised the same issue in a preliminary hearing. Accordingly, we deny the petition in remaining part because the IJ did not demonstrate bias or prevent Lazo from presenting his case. *See Burger*, 498 F.3d at 134.

For the foregoing reasons, the petition for review is **DISMISSED** in part and **DENIED** in remaining part.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3