21-6096
*Umana v. Garland*

BIA
Farber, IJ
A073 669 919

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand twenty-three.

PRESENT:
            DENNIS JACOBS,
            EUNICE C. LEE,
            MYRNA PÉREZ,
                        *Circuit Judges.*
_____

LUIS ALBERTO UMANA,

                        *Petitioner*,

            v.                                                                    21-6096

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,

                        *Respondent*.
_____

FOR PETITIONER:              SARAH H. SLOAN (Robert M. Loeb, *on the brief*), Orrick, Herrington & Sutcliffe, LLP, Washington, DC.


FOR RESPONDENT:              JULIA J. TYLER, Senior Litigation Counsel, Office of Immigration Litigation (Tim Ramnitz, Senior Litigation Counsel, *on the brief*) *for* Brian M. Boynton, Assistant

Attorney General, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Luis Alberto Umana, a native and citizen of El Salvador, seeks review of a January 27, 2021 decision of the BIA, affirming a December 3, 2019 decision of an Immigration Judge ("IJ"), which denied his applications for two forms of cancellation of removal. *In re Luis Alberto Umana*, No. A073 669 919 (B.I.A. Jan. 27, 2021), *aff'g* No. A073 669 919 (Immigr. Ct. N.Y.C. Dec. 3, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, assume eligibility for relief as the BIA did, and consider only the denial of relief as a matter of discretion. *See Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).

Umana applied for special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105-100, 111 Stat. 2160, 2193 (1997), and for cancellation of removal under the Immigration and Nationality Act, 8 U.S.C. § 1229b(b). Both forms of relief allow for cancellation of removal where applicants meet certain requirements for presence, moral character, and hardship. *See* 8 U.S.C. § 1229b(b); 8 C.F.R. § 1240.66(b). But relief is a two-step process: the applicant has the burden to establish eligibility, then, if eligible, the applicant must demonstrate that a grant of relief is merited as a matter of discretion. *See* 8 U.S.C. § 1229a(c)(4)(A); *Argueta v. Holder*, 617 F.3d 109, 111–12 (2d Cir. 2010) (special rule cancellation); *Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir. 2006)

2

(cancellation under § 1229b). Our jurisdiction to review the agency's denial of these forms of discretionary relief is limited to constitutional claims and questions of law. *See* 8 U.S.C. §§ 1252(a)(2)(B), (D); *Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022); *Argueta*, 617 F.3d at 111–12 (applying jurisdictional limitation in § 1252(a)(2)(B) to special rule cancellation).

Umana claims that the BIA erred as a matter of law in affirming the discretionary denial of his cancellation of removal because it engaged in appellate factfinding and placed significant weight on contested and uncorroborated criminal complaints in violation of its own precedent. As relevant here, the BIA affirmed the IJ's denial of cancellation of removal based on the IJ's findings that Umana's arrest history evinced a pattern of violent conduct, that Umana paid only three years of taxes while living and working in the United States, and that Umana made numerous illegal re-entries into the United States.

Umana argues that the BIA engaged in appellate factfinding because the IJ referred to the conduct described in the criminal complaints as "alleged," whereas the BIA treated the allegations as proven facts. While the BIA may not "engage in factfinding in the course of deciding cases," the BIA did not do so here. 8 C.F.R. § 1003.1(d)(3)(iv)(A). True, the IJ used the word "allegedly" when discussing the conduct described in the criminal complaints, while the BIA did not. However, despite the IJ's qualifying language regarding the conduct alleged in the criminal complaint, the IJ expressed concern that Umana was not "fully candid," Certified Admin. Record at 88, about his arrests and concluded that "[a]lthough [he] ha[d] not been convicted of violent crimes, the court does believe that these two arrests show a pattern of anger and violence." Certified Admin. Record at 91. Similarly, the BIA concluded that Umana's "criminal record . . . contains evidence of violent behavior." *Id*. at 4. A pattern of anger and violence cannot be made

3

out by the fact of an arrest alone. It follows that the IJ could not have found such a pattern without implicitly finding that the conduct underlying the arrest had occurred. Therefore, the BIA did not find facts beyond what the IJ determined when it treated the arrest conduct as proven.

Umana next claims that the BIA departed from its own precedent by overrelying on the uncorroborated and contested allegations in his arrest reports. Such reports are admissible for purposes of considering an application for discretionary relief, *Carcamo v. U.S. Dep't of Justice*, 498 F.3d 94, 98 (2d Cir. 2007); *In re Grijalva*, 19 I. & N. Dec. 713, 722 (B.I.A. 1988), but the BIA has held that it is "hesitant to give substantial weight to an arrest report, absent a conviction or corroborating evidence of the allegations contained therein," *In re Arreguin de Rodriguez*, 21 I. & N. Dec. 38, 42 (B.I.A. 1995). While *Arreguin de Rodriguez* "spoke to the *relative weight* to be given to uncorroborated arrest reports," *Marquez v. Garland*, 13 F.4th 108, 115 (2d Cir. 2021), we lack jurisdiction to review any claim regarding evidentiary weight in discretionary denials of cancellation. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Patel*, 142 S. Ct. at 1627 (2022); *Argueta*, 617 F.3d at 111–12. Because the BIA cited Umana's failure to pay taxes and repeated illegal re-entries as bases for its discretionary denial, any assessment of whether the BIA gave the arrest records substantial weight in contravention of *Arreguin de Rodriguez* would require reviewing the weight of the evidence and thus exceed our jurisdiction.[1] *See, e.g., Lazo v. Sessions*, 705 Fed. App'x 46, 47 (2d Cir. 2017) (rejecting argument that the BIA failed to comply with *Arreguin de*

---

[1] This admittedly appears to create a difficulty with reviewing the Agency's compliance with *Arreguin de Rodriguez* in discretionary cancellation of removal cases. For example, other circuits have concluded that exclusive reliance on uncorroborated allegations clearly constitutes substantial weight as a matter of law, *see Rogel v. Garland*, 2022 U.S. App. LEXIS 25866, at *10–13 (4th Cir. Sept. 15, 2022), and this Court has implied the same, *see, e.g., Lazo v. Sessions*, 705 F. App'x 46, 47 (2d Cir. 2017). "Substantial weight," however, would necessarily seem to entail something less than exclusive reliance, and thus requires weighing the evidence, something we lack jurisdiction to do in discretionary cancellation of removal cases. We do not resolve here the issue of what constitutes "substantial weight" and whether it may, under appropriate circumstances, raise a question of law over which we have jurisdiction.

4

*Rodriguez* where "[t]he IJ did not rely solely on uncorroborated allegations in weighing the equities" because "[w]e lack jurisdiction to reassess the weight the agency gave this evidence").

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court