22-6486
*Akinola v. Garland*

BIA
Wright, IJ
A072 564 684

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand twenty-four.

Present:
> AMALYA L. KEARSE,
> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

GBENGA ADE AKINOLA,
> *Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

22-6486

---

| | |
|---|---|
| For Petitioner: | Mercedes Christina Altman, Law Office of Mercedes Altman, PLLC, Westbury, NY |
| For Respondent: | Brian M. Boynton, Principal Deputy Assistant Attorney General; Jennifer R. Khouri, Senior Litigation Counsel; Robert P. Coleman III, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED**.

Petitioner Gbenga Ade Akinola, a native and citizen of Liberia, seeks review of a decision of the BIA denying voluntary departure and affirming a decision of an immigration judge ("IJ") denying his application for cancellation of removal. *In re Gbenga Ade Akinola*, No. A072 564 684 (B.I.A. Sept. 8, 2022), *aff'g* No. A072 564 684 (Immig. Ct. N.Y. City Feb. 5, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered the IJ's decision as supplemented by the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Akinola applied for cancellation of removal and sought remand for voluntary departure on appeal to the BIA. A nonpermanent resident, like Akinola, may have his removal cancelled pursuant to 8 U.S.C. § 1229b(b)(1). "Obtaining . . . cancellation of removal is a two-step process. First, an alien must prove eligibility by showing that he meets the statutory eligibility requirements. Second, assuming an alien satisfies the statutory requirements, the Attorney General in his discretion decides whether to grant or deny relief." *Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir. 2006) (citations omitted); *see also* 8 U.S.C. § 1229a(c)(4)(A) (placing burden on applicant to establish "the applicable eligibility requirements" and "with respect to any form of relief that is granted in the exercise of discretion, that the alien merits a favorable exercise of discretion"). As relevant here, one of the statutory eligibility requirements Akinola must establish is "that removal would result in exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D).

2

Our jurisdiction to review the agency's denial of discretionary forms of relief is limited to constitutional claims and questions of law. *See* 8 U.S.C. §§ 1229c(f) (providing that "[n]o court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure"), 1252(a)(2)(B)(i), (D) (limiting review of the denial of discretionary relief, including cancellation of removal and voluntary departure, to "constitutional claims or questions of law"); *Carcamo v. U.S. Dep't of Just.*, 498 F.3d 94, 97 (2d Cir. 2007) (holding that courts "lack jurisdiction to review the IJ's discretionary denial of voluntary departure, [where the petitioner] raises no colorable constitutional claims or questions of law"). As to cancellation of removal, we have repeatedly held that this limitation applies to review of both the hardship determination and the ultimate discretionary decision. *See De La Vega v. Gonzales*, 436 F.3d 141, 144–46 (2d Cir. 2006); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39–40 (2d Cir. 2008) (reaffirming *De La Vega*).

We need not, however, address the hardship determination here because the agency's decision to deny cancellation of removal as a matter of discretion, at the second step of the analysis, is an independent and dispositive ground for denying this form of relief.[1] *See* 8 U.S.C. § 1229b(b)(1) (specifying that the agency "may" cancel removal of an applicant who satisfies the eligibility requirements); *Rodriguez*, 451 F.3d at 62 (describing two-step process); *cf. Bugayong v. INS*, 442 F.3d 67, 73 (2d Cir. 2006) (noting "the use of the permissive 'may'" in the statute

---

[1] The Supreme Court heard argument on November 28, 2023, in a case presenting the question whether the hardship determination is a reviewable application of law to fact or an unreviewable discretionary judgment. *See Wilkinson v. Garland*, 143 S. Ct. 2687 (2023). Because we find that the agency's rejection of cancellation of removal on the undoubtedly discretionary judgment at the second step is sufficient to support its decision, we need not await the decision in *Wilkinson*, because we would lack jurisdiction to review the denial of relief in this case even if the Supreme Court decides that the first-step inquiry is not a discretionary one.

governing waivers of inadmissibility indicates that eligibility is a finding the agency makes "before reaching the ultimate, and separate, determination as to whether [it] should exercise . . . discretion in favor of a petitioner"). Akinola asserts that he warrants a favorable exercise of discretion as to both cancellation of removal and voluntary departure because he showed remorse, his testimony was credible, and he has strong ties to the community. The BIA concluded that Akinola was undeserving of a discretionary grant of either cancellation of removal or voluntary departure for the reasons stated by the IJ, which included Akinola's "flip" testimony about his criminal history and his age when his criminal behavior occurred that outweighed his positive factors.[2] As to this ultimate determination of whether relief was warranted as a matter of discretion, we lack jurisdiction to reevaluate the weight the agency placed on the positive and negative factors. *Cf. Argueta v. Holder*, 617 F.3d 109, 111-13 (2d Cir. 2010) (in context of "special rule cancellation of removal," distinguishing between reviewable argument that the agency considered a "*prohibited*" factor, and "unreviewable argument that the IJ balanced improperly those factors that

---

[2] We note that while the IJ's decision stated that "even if [Akinola] had established statutory eligibility for cancellation of removal, the Court *would have to deny* his application in the exercise of discretion," the BIA "adopt[ed] and [affirm[ed] the Immigration Judge's *decision to deny* the respondent's application for cancellation of removal as a matter of discretion." Certified Admin. Record 3, 47 (emphases added). To the extent there is any discrepancy between the IJ's ruling and the BIA's description of that ruling, Akinola does not argue that the BIA's description constituted error. Accordingly, we need not further consider whether the BIA correctly characterized the IJ's ruling. In any event, it is well-established that the BIA "may affirm the decision of the immigration judge . . . on any basis supported by the record," 8 C.F.R. § 1003.1(d)(3)(v), which, as relevant here, includes the IJ's concerns about Akinola's criminal history. Finally, even if we construed the IJ's analysis of the discretionary aspects of cancellation as merely hypothetical, remand for the IJ to exercise discretion would be futile because there is no realistic possibility of a different result. We can confidently predict that the IJ on remand would deny cancellation of removal in the exercise of discretion because the IJ expressly said she would do exactly that. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008) (describing that remand may be futile where the court can "confidently . . . predict that the agency would reach the same decision absent the errors that were made" (internal quotation marks omitted)).

the IJ could consider"). Because Akinola simply challenges the weight the agency accorded to certain factors, he has not identified a constitutional claim or question of law that would allow us to review the agency's discretionary denials of his applications for cancellation of removal and voluntary departure. *See id.*

Finally, Akinola argues that the BIA erred in affirming the IJ's decision in a ruling issued by one Board member, rather than a three-member panel. A single member of the BIA may issue an order affirming, modifying, or remanding an IJ's decision. *See* 8 C.F.R. § 1003.1(e)(5). Moreover, "the streamlining regulations' provision for summary affirmance of IJ decisions by a single Board member does not deprive a [petitioner] of due process." *Zhang v. U.S. Dep't of Just.*, 362 F.3d 155, 157 (2d Cir. 2004). And "we lack jurisdiction to review a claim that a single BIA member erred in deciding to resolve unilaterally an appeal of an IJ's order and not to refer the case to a three-member BIA panel." *Kambolli v. Gonzales*, 449 F.3d 454, 465 (2d Cir. 2006).

For the foregoing reasons, the petition for review is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5