23-6531
Hasan v. Bondi

BIA
Christensen, IJ
A098 423 113

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand twenty-five.

PRESENT:
      JOSEPH F. BIANCO,
      WILLIAM J. NARDINI,
      MARIA ARAÚJO KAHN,
         *Circuit Judges.*
_____

NAJAM UL HASAN,
       *Petitioner,*

      v.                   **23-6531**
                                      **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
       *Respondent.*
_____

FOR PETITIONER:      Steven F. Pugliese, Steven F. Pugliese Law
                            Office, New York, NY.

**FOR RESPONDENT:**     Brian M. Boynton, Principal Deputy Assistant Attorney General; Michael C. Heyse, Senior Litigation Counsel; Craig W. Kuhn, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Najam Ul Hasan, a native and citizen of Pakistan, seeks review of an April 24, 2023, decision of the BIA affirming a June 19, 2019, decision of an Immigration Judge ("IJ") denying Hasan's applications for a waiver of inadmissibility under Immigration and Nationality Act ("INA") § 212(h), 8 U.S.C. § 1182(h), adjustment of status under INA § 245(a), 8 U.S.C. § 1255(a), and deferral of removal under the Convention Against Torture ("CAT"). *In re Najam Ul Hasan*, No. A098 423 113 (B.I.A. Apr. 24, 2023), *aff'g* No. A098 423 113 (Immig. N.Y. City June 19, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Our jurisdiction is limited to colorable constitutional claims and questions of law insofar as Hasan seeks review

2

of the agency's denial of a waiver of inadmissibility under 8 U.S.C. § 1182(h) and his motion to remand for consideration of additional evidence in support of a waiver. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (C), (D) (limiting review of denials of discretionary relief and where a petitioner has been ordered removed for an aggravated felony); *Patel v. Garland*, 596 U.S. 328, 347 (2022) ("Federal courts lack jurisdiction to review facts found as part of discretionary-relief proceedings under . . . provisions enumerated in § 1252(a)(2)(B)(i)."); *Durant v. INS*, 393 F.3d 113, 115–16 (2d Cir. 2004) (jurisdictional bars apply to motions to reopen). We review constitutional claims and questions of law de novo. *Dale v. Barr*, 967 F.3d 133, 138 (2d Cir. 2020). We have jurisdiction to review the agency's denial of CAT relief, and review factual findings made in that context for substantial evidence. *Nasrallah v. Barr*, 590 U.S. 573, 583–84, 587 (2020).

**A. Waiver of Inadmissibility**

We dismiss the petition as to Hasan's challenge to the agency's denial of a waiver of inadmissibility. The agency may waive a ground of inadmissibility under 8 U.S.C. § 1182(h) if a noncitizen establishes that "denial of admission would result in extreme hardship to [his] United States citizen or lawfully resident spouse, parent, son, or daughter." § 1182(h)(1)(B). If the applicant is eligible, the

3

agency may still deny relief as a matter of discretion. *Bugayong v. INS*, 442 F.3d 67, 73 (2d Cir. 2006); *In re Mendez-Moralez*, 21 I. & N. Dec. 296, 301 (B.I.A. 1996). The agency denied Hasan a section 1182(h) waiver, determining that he failed to show hardship to a qualifying relative or that he warranted relief as a matter of discretion.

Hasan argues that the BIA should have granted his motion to remand to present new hardship evidence that he was recently treated for COVID-related pneumonia and that there had been online accusations that Shias had introduced COVID in Pakistan. That argument does not raise a colorable constitutional claim or question of law. The BIA did not commit legal error in concluding that this new evidence would not change the outcome of the proceedings given that, as the IJ found, a lower standard of medical care or the treatment he faces in Pakistan does not tend to show that his spouse and children would suffer extremely unusual hardship in the United States beyond that expected when a relative is removed. *See Li Yong Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 156 (2d Cir. 2005) ("Permissible reasons to deny . . . a motion [to remand] include . . . the movant's failure to make a prima facie case of eligibility . . . [or to] demonstrat[e] a likelihood that the new evidence presented would alter the result in the case."); *In re Monreal-*

4

*Aguinaga*, 23 I. & N. Dec. 56, 63–64 (B.I.A. 2001) (holding, in the context of a similar hardship requirement, that "[a] lower standard of living or adverse country conditions in the country of return are factors to consider only insofar as they may affect a qualifying relative, but generally will be insufficient in themselves to support a finding of exceptional and extremely unusual hardship").

As to the agency's denial of a waiver as a matter of discretion, Hasan argues that the IJ violated his due process rights by relying on hearsay in his criminal complaint to find that he had a troubling criminal history that outweighed his positive equities (lengthy residence, family ties, and employment history), and by depriving him of an opportunity to explain his behavior. His claims are not colorable. First, "police reports and complaints, even if containing hearsay and not a part of the formal record of conviction, are appropriately admitted for the purposes of considering an application for discretionary relief." *Carcamo v. U.S. Dep't of Just.*, 498 F.3d 94, 98 (2d Cir. 2007) ("Due process does not require that the IJ credit [an applicant's] testimony over the evidence contained in the criminal complaint."). Second, Hasan had ample opportunity at his hearing before the IJ to explain his behavior and contradict statements in his criminal complaint.

Because Hasan has not raised a colorable constitutional claim or question of

law challenging the agency's denial of a waiver of inadmissibility, his petition is dismissed in part for lack of jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (C), (D); *Patel*, 596 U.S. at 347.

**B. CAT Relief**

We deny the petition as to the CAT claim. A CAT applicant has the burden to establish that he will "more likely than not" be tortured by or with the acquiescence of government officials. 8 C.F.R. §§ 1208.16(c)(2), (4), 1208.18(a)(1); *see also Garcia-Aranda v. Garland*, 53 F.4th 752, 758–59 (2d Cir. 2022). The agency found that Hasan failed to show that a Sunni Muslim organization in Pakistan would likely torture him as a Shia because he was last targeted by the organization in 2002, he could avoid harm by moving to a different area in Pakistan, acts of violence against Shia Muslims were not so widespread in Pakistan as to demonstrate a likelihood of torture, and evidence of the humanitarian crisis related to COVID did not show a likelihood of torture. Hasan argues that the BIA failed to consider the "unforeseen and overwhelming administrative challenges" related to COVID and that, under the law of the case doctrine, the agency should have found him eligible for CAT relief based on the prior determination that he was eligible for asylum. He does not explain what he means by administrative

6

challenges or identify how his new evidence—of the sealing of communities with a higher infection rate, furlough of some government employees, and on-line harassment—established that he will likely be tortured. He does not otherwise challenge the agency's findings that he did not show likely torture given the time that has passed since he was last targeted, his ability to relocate, and the absence of widespread violence against Shia Muslims. Therefore, Hasan has abandoned any challenge to the dispositive bases for denying CAT relief. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

Further, as the Government argues, Hasan did not exhaust his argument that he was eligible for CAT relief based on a prior grant of asylum under the law of the case doctrine. *See Ud Din v. Garland*, 72 F.4th 411, 419 (2d Cir. 2023) (discussing mandatory requirement that petitioners exhaust issues before the BIA). The argument is unexhausted and not properly before us because he did not raise it on appeal to the BIA. *Id.*; *Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007) ("To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA.").

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court